IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEFANIE AYALA, et al. ) | |
| ) | **DEFENDANTS REQUEST TRIAL** |
| ) | **BY JURY** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-885 |
| ) | |
| MISSION GROUP KANSAS, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI:

Pursuant to 28 U.S.C. §§ 1332(d), 1446(b)(3), and 1453(b), Defendants Mission Group Kansas, Inc., d/b/a Wright Career College ("Wright Career College"); Board of Directors of Mission Group Kansas Inc.; John Mucci; Stephen Browne; and Ron Holt (collectively, "Defendants"), by and through their counsel of record, hereby remove this action to the United States District Court for the Western District of Missouri. As grounds for removal, Defendants state:

1. On or about November 1, 2013, an action was commenced against Defendants in the Circuit Court of Jackson County, Missouri, entitled *Ayala, et al. v. Mission Group Kansas, Inc. et al.,* Cause No. 1316-CV27529.

2. Attached hereto as Exhibit A and incorporated herein by this reference is a true and accurate copy of the Court's file from the Circuit Court of Jackson County, Missouri, which includes all process, pleadings and orders served upon Defendants.

3. On September 12, 2014, Plaintiffs filed a Motion for Leave to File First Amended Petition. The Circuit Court of Jackson County, Missouri granted Plaintiffs' motion on October 7, 2014.

4. As addressed below, the First Amended Petition made this case removable as a mass action as defined in § 1332(d). This removal is timely under § 1446(b) in that it is filed within thirty (30) days after receipt by the Defendants of the Circuit Court's order granting Plaintiffs' Motion for Leave to File First Amended Petition. Millentree v. Tent Restaurant Operations, Inc., 2008 WL 4559879, at *2 (W.D. Mo. Oct. 8, 2008) ("The time for removal should not commence until the court grants leave to amend, if such leave is required. Until the amendment is authorized, there is no dispute before the court.") (quoting Davis v. Bemiston-Carondelet Corp., 2005 WL 2452540, at *3 (E.D. Mo. Oct. 4, 2005)).

5. Defendants have given written notice of the filing of this Notice of Removal to Plaintiffs and have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri. A copy of the Notice of Filing of Removal filed in the Circuit Court of Jackson County, Missouri, is attached hereto as Exhibit B and incorporated herein by this reference.

6. Venue is proper in this district in that the Circuit Court of Jackson County is within the Western District of Missouri.

7. As more fully set forth below, this Court has original jurisdiction of this action pursuant to the "mass action" provisions of the Class Action Fairness Act ("CAFA"), and the action is removable under §§ 1441(a) and 1453(b). There is minimal diversity, in that the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant. There are more than 100 plaintiffs whose claims are proposed to be tried jointly in that these

claims involve common questions of law or fact. Each plaintiff's claim seeks more than $75,000, exclusive of interest and costs and the claims in the aggregate seek more than $5,000,000.

## I. THIS COURT HAS JURISDICTION UNDER CAFA.

8. Under CAFA, "Congress permitted removal from state to federal court of certain class actions, including 'mass actions.'" Atwell v. Boston Scientific Corp., 740 F.3d 1160, 1161 (8th Cir. 2013) (citing § 1332(d)). "The term 'mass action' means any civil action in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions or law or fact, but does not include an action in which the claims have been consolidated or coordinated solely for pretrial proceedings." Id. (quoting § 1332(d)(11)(B)).

9. The mass action provision of CAFA provides federal jurisdiction if: (A) the claims of 100 or more persons are joined for trial; (B) the claims involve common questions of law or fact; (C) each plaintiff's claim exceeds $75,000; (D) the aggregate amount of the claims exceeds $5,000,000; and; (E) there is minimal diversity of citizenship.

### A. The Amended Petition is brought by more than 100 plaintiffs.

10. Plaintiffs' Amended Petition is brought on behalf of 197 separate individuals. (Am. Pet. at ¶¶ 2-199).

### B. Plaintiffs' claims involve common questions of law or fact.

11. Plaintiffs allege that joinder of their claims is proper because "the claims alleged herein arise out of the same series of occurrences and involve common questions of law and fact." (Am. Pet. at ¶ 207).

12. Plaintiffs allege identical causes of action on behalf of all 197 Plaintiffs, and they support their claims with the same allegations of fact.

**C.  Each Plaintiff satisfies the jurisdictional amount requirement.**

13. Plaintiffs claim that they were damaged in that "they must repay the student loans WCC assisting them in obtaining, which are substantial." (Am. Pet. at ¶ 222). They allege that they each borrowed "tens of thousands of dollars." (Id. at 221).

14. Plaintiffs also seek punitive damages. (Am. Pet. at "WHEREFORE" clauses, ¶¶ 260-262). Punitive damages count toward the amount in controversy. Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992). For Plaintiffs' statutory claims, they may recover punitive damages in an amount up to five-hundred thousand dollars ($500,000) or five times the net amount of the judgment awarded, whichever is greater. § 510.265, R.S.Mo. For common law claims tried in state court, there is no cap. In a recent case involving a student's claim of fraud against her school, the jury awarded $13 million in punitive damages. Kerr v. Vatterott Educ. Ctrs., Inc., --S.W.3d--, 2014 WL 4192731, at *3 (Mo. App. W.D. Aug. 26, 2014).

15. In addition, Plaintiffs are seeking attorneys' fees under the Missouri Merchandising Practices Act, § 407.020, R.S.Mo., *et seq.* (Am. Pet. at Count V "WHEREFORE" clause). Attorneys' fees count toward the jurisdictional amount if a statute authorizes the award of fees to the prevailing party. See Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 539 n. 8 (8th Cir. 1970). In Kerr, the trial court awarded almost $400,000 in statutory attorneys' fees for pretrial and trial services alone.

16. The amount-in-controversy prong is satisfied in this case. Each Plaintiff individually alleges damages of $75,000 or more. For example, as of November 22, 2013,

Plaintiff Christi Hampton had been charged a total of $31,791.19 for her course of instruction at Wright Career College. (See Declaration of John Mucci ("Mucci Declaration"), attached hereto as Exhibit C, at ¶ 5). Considering the tens of thousands of dollars in actual damages sought in repayment for student loans, the potential for millions of dollars in punitive damages, and attorneys' fees, each Plaintiff's claim exceeds $75,000.

## D. The Aggregate Claim Exceeds $5,000,000.

17. Cumulatively, even if each Plaintiff only sought $75,000, the collective claim of all 197 Plaintiffs would aggregate to almost $15,000,000.

## E. Minimal Diversity Exists.

18. Minimal diversity under 28 U.S.C. § 1332(d) exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

19. Plaintiffs are individuals domiciled in the States of Missouri, Oklahoma, Nebraska, Iowa, and Kansas. (Am. Pet. ¶¶ 2-199).

20. At the time this action was commenced and at all times since, Defendant Wright Career College is and has been a corporation organized and existing under the laws of the State of Kansas. (Am. Pet. ¶ 200). Wright Career College's principal place of business is located at 10720 Metcalf Avenue, Overland Park, KS. (Mucci Declaration at ¶ 2). Wright Career College's officers and executives maintain their offices at Wright Career College's corporate headquarters at the Overland Park location, and corporate decisions are made from the corporate headquarters. (Id.). Therefore, for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Wright Career College is a citizen of the State of Kansas.

21. As some Plaintiffs are citizens of Missouri, Oklahoma, Nebraska, and Iowa, and Defendant Wright Career College is a citizen of Kansas, minimal diversity exists for purposes of 28 U.S.C. § 1332(d).

### F. No exceptions apply.

22. The Eighth Circuit has held that a plaintiff seeking remand has the burden of proof on any exceptions to CAFA jurisdiction and that all doubt should be resolved in favor of removal. Westerfeld v. Independent Processing, 621 F.3d 819, 823 (8th Cir. 2010). It is, however, clear that none of the mass action exceptions applies.

23. Plaintiffs' claims arise from their attendance at Defendants' schools in Kansas, Oklahoma, and Nebraska. (Am. Pet ¶¶ 2-199, 220-222). Defendants are not alleged to have operated a school in Missouri, where the case was filed. (Id. at ¶ 208). Thus, all of the claims in this action arose from events or occurrences outside the State in which the action was filed.

24. Plaintiffs' claims were joined upon their motion to file an amended petition. The claims were not joined by Defendants.

25. Plaintiffs assert their claims on their own behalf, not on behalf of the general public pursuant to a State statute specifically authorizing such action.

26. Plaintiffs' claims have been consolidated for all purposes, not solely for pretrial proceedings.

## II. REMOVAL IS TIMELY.

27. Plaintiffs' original Petition was brought on behalf of just four plaintiffs. Plaintiffs did not assert a federal question. Defendants removed the case to this Court, asserting diversity jurisdiction, but the Court disagreed and granted Plaintiffs' motion to remand. Ayala v. Mission

Group Kansas, Case No. 13-01195-CV-W-BP, Dkt. #12 (W.D. Mo. Mar. 27, 2014). Thus, the case stated by the initial pleading was not removable.

28. This removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed within 30 days after receipt by the defendant of an amended pleading from which it was first ascertainable that the case is one which has become removable.

29. Plaintiffs filed their original Petition on November 1, 2013, so this removal is within the one-year limitations period of 28 U.S.C. § 1446(c)(1), although that restriction does not apply to removals under § 1453.

WHEREFORE Defendants give notice that this action is removed from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, for the exercise of jurisdiction over this action as though this action had originally been instituted in this Court.

Dated: October 8, 2014.	Respectfully submitted,

By: /s/ Martin M. Loring
Martin M. Loring, MO Bar # 29712
James F. Monafo, MO Bar # 38774
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000
(816) 983-8080 Fax
martin.loring@huschblackwell.com

Stacia G. Boden, MO Bar # 53601
Mission Group Kansas, Inc.
Wright Career College
10720 Metcalf Avenue
Overland Park, KS 66210
(913) 396-5453
(913) 904-3410 (fax)
sboden@wrightcc.edu

***Attorneys for Mission Group Kansas, Inc.,
Board of Directors of Mission Group Kansas, Inc.,
John Mucci, Stephen Browne, and Ron Holt***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded via email this 8th day of October, 2014, by email to:

Kenneth B. McClain
Andrew K. Smith
Lauren E. McClain
HUMPHREY, FARRINGTON & McCLAIN, P.C.
221 W. Lexington, Suite 400
P.O. Box 900
Independence, MO 64050



/s/ Martin M. Loring

SLC-7339974-2
9
Case 4:14-cv-00885-BP   Document 1   Filed 10/08/14   Page 9 of 9